SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
CORDELLA ANGELINE O'GILVIE,

          Plaintiff,

      -against-

VFS CANADA INC, VOLVO GROUP NORTH
AMERICA, LLC, ANDREY N. ZLINSKIY,
ENTERPRISE HOLDINGS, INC., ENTERPRISE RENT-
A-CAR CANADA LTD and RANDOLPH A. HENRY,

          Defendants.
-------------------------------------------------------------------X

Index No.:
Date of Purchased:
Plaintiff designates Kings
County as the Place of Trial.

The basis of venue is
Plaintiff's residency

**SUMMONS**
<u>Plaintiff resides at:</u>
372 E 35th Street
Brooklyn, New York 11203

County of Kings

TO THE ABOVE NAMED DEFENDANT(S)

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Rosedale, New York
       June 16, 2020

                                            GREGORY SPEKTOR AND ASSOCIATES P.C.

                                            MIKHAIL ILYAICH, ESQ.
                                            *Attorneys for Plaintiff*
                                            One Cross Island Plaza, Suite 203C
                                            Rosedale, New York 11422
                                            (718) 528-5272

To:    <u>Via Secretary of State</u>
VFS Canada Inc
238 Wellington Street E suite 300
Aurora, Ontario L4G 1J5

<u>Via Secretary of State</u>
Volvo Group North America, LLC
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

Andrey N. Zlinskiy
45 New Pines Trail
Brampton, Ontario L6Z 0B4

Andrey N. Zlinskiy
45 New Pines Trail
Brampton, Ontario L6Z0G9

<u>Via Secretary of State</u>
Enterprise Holdings, Inc.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

<u>Via Secretary of State</u>
Enterprise Rent-A-Car Canada Ltd
7400 Woodbine Ave Markham,
L3R 1A5 Canada

<u>Via Secretary of State</u>
Enterprise Rent-A-Car Canada Ltd
2300 Stevenage Drive
Ottawa, Ontario K1G3W-3

Randolph A. Henry
13 Wickstead Crt
Brampton, Ontario L6R1N8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
CORDELLA ANGELINE O'GILVIE,

                Plaintiff,

    -against-

VFS CANADA INC, VOLVO GROUP NORTH
AMERICA, LLC, ANDREY N. ZLINSKIY,
ENTERPRISE HOLDINGS, INC., ENTERPRISE
RENT-A-CAR CANADA LTD and RANDOLPH A.
HENRY,

                Defendants.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

    Plaintiff CORDELLA ANGELINE O'GILVIE by her attorneys GREGORY SPEKTOR AND ASSOCIATES, P.C. complaining of the Defendants herein, respectfully shows to this court and alleges as follows:

1. That on January 2, 2018, and upon information and belief, the Plaintiff CORDELLA ANGELINE O'GILVIE was and still is a resident of the County of Kings, City and State of New York.

2. That on January 2, 2018, and upon information and belief, the defendant, VFS CANADA INC was and is a Foreign Corporation duly authorized to do business in the State of New York.

3. That on January 2, 2018, and upon information and belief, the defendant, VFS CANADA INC was and is a Domestic Corporation duly authorized to do business in the State of New York.

4. That on January 2, 2018, and upon information and belief, the defendant, VOLVO GROUP NORTH AMERICA, LLC was and is a Foreign Corporation duly authorized to do business in the State of New York.

5. That on January 2, 2018, and upon information and belief, the defendant, VOLVO GROUP NORTH AMERICA, LLC was and is a Domestic Corporation duly authorized to do business in the State of New York.

6. That on January 2, 2018, and upon information and belief, the defendant, VFS CANADA INC owned a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

7. That on January 2, 2018, and upon information and belief, the defendant, VFS CANADA INC maintained a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

8. That on January 2, 2018, and upon information and belief, the defendant VFS CANADA INC managed a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

9. That on January 2, 2018, and upon information and belief, the defendant, VFS CANADA INC controlled a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

10. That on January 2, 2018, and upon information and belief, the defendant, VOLVO GROUP NORTH AMERICA, LLC owned a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

11. That on January 2, 2018, and upon information and belief, the defendant, VOLVO GROUP NORTH AMERICA, LLC maintained a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

12. That on January 2, 2018, and upon information and belief, the defendant, VOLVO GROUP NORTH AMERICA, LLC managed a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

13. That on January 2, 2018, and upon information and belief, the defendant, VOLVO GROUP NORTH AMERICA, LLC controlled a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

14. That on January 2, 2018, and upon information and belief, the Defendant ANDREY N. ZLINSKIY, operated a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

15. That on January 2, 2018, and upon information and belief, the Defendant, ANDREY N. ZLINSKIY, maintained a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

16. That on January 2, 2018, and upon information and belief, the Defendant, ANDREY N. ZLINSKIY, managed a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

17. That on January 2, 2018, and upon information and belief, the Defendant, ANDREY N. ZLINSKIY, controlled a motor vehicle bearing Ontario State, Canada, license plate number 5755PT.

18. That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY, operated a motor vehicle bearing Ontario State, Canada, license plate number 5755PT with the knowledge, permission and consent of defendant VFS CANADA INC.

19. That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY, maintained a motor vehicle bearing Ontario State, Canada, license plate number 5755PT with the knowledge, permission and consent of defendant VFS CANADA INC.

20. That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY, managed a motor vehicle bearing Ontario State, Canada, license plate number 5755PT with the knowledge, permission and consent of defendant VFS CANADA INC.

21. That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY, controlled a motor vehicle bearing Ontario State, Canada, license plate number 5755PT with the knowledge, permission and consent of defendant VFS CANADA INC.

22.     That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY, operated a motor vehicle bearing Ontario State, Canada, license plate number 5755PT with the knowledge, permission and consent of defendant VOLVO GROUP NORTH AMERICA, LLC.

23.     That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY, maintained a motor vehicle bearing Ontario State, Canada, license plate number 5755PT with the knowledge, permission and consent of defendant VOLVO GROUP NORTH AMERICA, LLC.

24.     That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY, managed a motor vehicle bearing Ontario State, Canada, license plate number 5755PT with the knowledge, permission and consent of defendant VOLVO GROUP NORTH AMERICA, LLC.

25.     That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY, controlled a motor vehicle bearing Ontario State, Canada, license plate number 5755PT with the knowledge, permission and consent of defendant VOLVO GROUP NORTH AMERICA, LLC.

26.     That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY was an employee of VFS CANADA INC.

27.     That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY was an employee of VOLVO GROUP NORTH AMERICA, LLC.

28.     That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY was operating the motor vehicle bearing Ontario State, Canada, license plate number 5755PT during the course of his employment with VFS CANADA INC.

29. That on January 2, 2018, and upon information and belief, the defendant, ANDREY N. ZLINSKIY was operating the motor vehicle bearing Ontario State, Canada, license plate number 5755PT during the course of his employment with VOLVO GROUP NORTH AMERICA, LLC.

30. That on January 2, 2018, and upon information and belief, the defendant VFS CANADA INC, was negligent in their hiring of ANDREY N. ZLINSKIY.

31. That on January 2, 2018, and upon information and belief, the defendant VOLVO GROUP NORTH AMERICA, LLC, was negligent in their hiring of ANDREY N. ZLINSKIY.

32. That on January 2, 2018, and upon information and belief, the defendant VFS CANADA INC, was negligent in their supervision of ANDREY N. ZLINSKIY.

33. That on January 2, 2018, and upon information and belief, the defendant VOLVO GROUP NORTH AMERICA, LLC, was negligent in their supervision of ANDREY N. ZLINSKIY.

34. That on January 2, 2018, and upon information and belief, the defendant VFS CANADA INC negligently entrusted the motor vehicle bearing Ontario State, Canada, license plate number 5755PT to ANDREY N. ZLINSKIY.

35. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE HOLDINGS, INC. was and is a Foreign Corporation duly authorized to do business in the State of New York.

36. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE HOLDINGS, INC. was and is a Domestic Corporation duly authorized to do business in the State of New York.

37. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE RENT-A-CAR CANADA LTD was and is a Foreign Corporation duly authorized to do business in the State of New York.

38. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE RENT-A-CAR CANADA LTD was and is a Domestic Corporation duly authorized to do business in the State of New York.

39. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE HOLDINGS, INC. owned a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935.

40. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE HOLDINGS, INC. maintained a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935.

41. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE HOLDINGS, INC. managed a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935.

42. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE HOLDINGS, INC. controlled a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935.

43. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE RENT-A-CAR CANADA LTD owned a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935.

44. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE RENT-A-CAR CANADA LTD maintained a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935.

45. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE RENT-A-CAR CANADA LTD managed a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935.

46. That on January 2, 2018, and upon information and belief, the defendant, ENTERPRISE RENT-A-CAR CANADA LTD controlled a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935.

47. That on January 2, 2018, and upon information and belief, the Defendant, RANDOLPH A. HENRY, operated a motor vehicle bearing Ontario State, Canada, license plate number BYVM935.

48. That on January 2, 2018, and upon information and belief, the Defendant, RANDOLPH A. HENRY, maintained a motor vehicle bearing Ontario State, Canada, license plate number BYVM935.

49. That on January 2, 2018, and upon information and belief, the Defendant, RANDOLPH A. HENRY, managed a motor vehicle bearing Ontario State, Canada, license plate number BYVM935.

50. That on January 2, 2018, and upon information and belief, the Defendant, RANDOLPH A. HENRY, controlled a motor vehicle bearing Ontario State, Canada, license plate number BYVM935.

51. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY, operated a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935 with the knowledge, permission and consent of defendant ENTERPRISE HOLDINGS, INC.

52. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY, maintained a motor vehicle bearing Ontario State, Canada, license plate number,

BYVM935 with the knowledge, permission and consent of defendant ENTERPRISE HOLDINGS, INC.

53. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY, managed a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935 with the knowledge, permission and consent of defendant ENTERPRISE HOLDINGS, INC.

54. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY, controlled a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935 with the knowledge, permission and consent of defendant ENTERPRISE HOLDINGS, INC.

55. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY, operated a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935 with the knowledge, permission and consent of defendant ENTERPRISE RENT-A-CAR CANADA LTD.

56. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY, maintained a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935 with the knowledge, permission and consent of defendant ENTERPRISE RENT-A-CAR CANADA LTD.

57. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY, managed a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935 with the knowledge, permission and consent of defendant ENTERPRISE RENT-A-CAR CANADA LTD.

58. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY, controlled a motor vehicle bearing Ontario State, Canada, license plate number, BYVM935

with the knowledge, permission and consent of defendant ENTERPRISE RENT-A-CAR CANADA LTD.

59. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY was an employee of ENTERPRISE HOLDINGS, INC.

60. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY was operating the motor vehicle bearing Ontario State, Canada, license plate number BYVM935 during the course of his employment with ENTERPRISE HOLDINGS, INC.

61. That on January 2, 2018, and upon information and belief, the defendant ENTERPRISE HOLDINGS, INC., was negligent in their hiring of RANDOLPH A. HENRY.

62. That on January 2, 2018, and upon information and belief, the defendant ENTERPRISE HOLDINGS, INC., was negligent in their supervision of RANDOLPH A. HENRY.

63. That on January 2, 2018, and upon information and belief, the defendant ENTERPRISE HOLDINGS, INC. negligently entrusted the motor vehicle bearing Ontario State, Canada, license plate number BYVM935 to RANDOLPH A. HENRY.

64. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY was an employee of ENTERPRISE RENT-A-CAR CANADA LTD.

65. That on January 2, 2018, and upon information and belief, the defendant, RANDOLPH A. HENRY was operating the motor vehicle bearing Ontario State, Canada, license plate number BYVM935 during the course of his employment with ENTERPRISE RENT-A-CAR CANADA LTD.

66. That on January 2, 2018, and upon information and belief, the defendant ENTERPRISE RENT-A-CAR CANADA LTD, was negligent in their hiring of RANDOLPH A. HENRY.

67. That on January 2, 2018, and upon information and belief, the defendant ENTERPRISE RENT-A-CAR CANADA LTD, was negligent in their supervision of RANDOLPH A. HENRY.

68. That on January 2, 2018, and upon information and belief, the defendant ENTERPRISE RENT-A-CAR CANADA LTD negligently entrusted the motor vehicle bearing Ontario State, Canada, license plate number BYVM935 to RANDOLPH A. HENRY.

69. That on January 2, 2018, and upon information and belief, the Plaintiff CORDELLA ANGELINE O'GILVIE, was lawfully riding as a passenger in a motor vehicle bearing Ontario State, Canada, license plate number BYVM935.

70. That on January 2, 2018, at all of the times hereinafter mentioned, Interstate 90 at or near its intersection with MM 417.7 in the Town of Cheektowaga, County of Erie, and State of New York, was and still is a public highway used extensively by the public in general.

71. That on the January 2, 2018, the aforesaid motor vehicles came in contact one with the other causing Plaintiff to sustain serious personal injuries hereinafter alleged.

72. That the aforesaid accident and injuries resulting there from were due solely and wholly as a result of the careless and negligent manner in which the Defendants owned, operated, maintained, managed and controlled of their vehicles, without the Plaintiff in any way contributing thereto.

73. That by reason of foregoing and the negligence of the Defendants, the Plaintiff CORDELLA ANGELINE O'GILVIE, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

74. That by reason of the foregoing, the Plaintiff, CORDELLA ANGELINE O'GILVIE, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and

become liable therefore for medicines and upon information and belief, the Plaintiff, CORDELLA ANGELINE O'GILVIE, will necessarily incur similar expenses.

75. That by reason of the foregoing, the Plaintiff CORDELLA ANGELINE O'GILVIE, has been unable to attend to his usual occupation in the manner required.

76. That by reason of the wrongful, negligent and unlawful actions of the Defendants, as aforesaid, the Plaintiff, CORDELLA ANGELINE O'GILVIE, sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

77. That one or more of the exceptions of § 1602 of the Civil Practice Law and Rules applies to the within action.

78. That as a result of the foregoing, the Plaintiff, CORDELLA ANGELINE O'GILVIE, sustained damages in the amount that exceeds the jurisdictional limits of the lower Courts.

**WHEREFORE**, Plaintiff CORDELLA ANGELINE O'GILVIE, demands judgment against the Defendants in the amount that exceeds the jurisdictional limits of the lower Courts, all together with costs and disbursements of this action.

Dated: Rosedale, New York
June 16, 2020

GREGORY SPEKTOR AND ASSOCIATES P.C.

_____
MIKHAIL ILYAICH, ESQ.
*Attorneys for Plaintiff*
One Cross Island Plaza, Suite 203C
Rosedale, New York 11422
(718) 528-5272

**ATTORNEY VERIFICATION**

MIKHAIL ILYAICH, an attorney admitted to practice law before the Courts of the State of New York, and associated with the firm of GREGORY SPEKTOR & ASSOCIATES, P.C., attorneys for Plaintiff CORDELLA ANGELINE O'GILVIE, hereby affirms the following:

That I have read the foregoing SUMMONS & VERIFIED COMPLAINT and know the contents thereof, that the same is true to my own knowledge except as to hose matters which are stated therein to be upon information and belief, and as to those matters, I believe them to be true.

That the information contained therein was obtained based upon a review of Plaintiff's legal case file.

That the reason this Verification is made by your Affirmant and not by Plaintiff is because the Plaintiff does not reside within Queens County, where GREGORY SPEKTOR & ASSOCIATES, P.C., maintains its office.

The undersigned affirms that the foregoing statement is true under the penalties of perjury.

Dated: Rosedale, New York
       June 16, 2020

_____
MIKHAIL ILYAICH, ESQ

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

CORDELLA ANGELINE O'GILVIE,

            Plaintiff,

-against-

VFS CANADA INC, VOLVO GROUP NORTH AMERICA, LLC, ANDREY N. ZLINSKIY, ENTERPRISE HOLDINGS, INC., ENTERPRISE RENT-A-CAR CANADA LTD and RANDOLPH A. HENRY,

            Defendants.

**SUMMONS and VERIFIED COMPLAINT**

**GREGORY SPEKTOR AND ASSOCIATES P.C.**
*Attorneys for Plaintiff*
One Cross Island Plaza, Suite 203C
Rosedale, New York 11422
(718) 528-5272